UNITED STATES MERCHANTS AND SHIPPERS INSURANCE COMPANY and Others, Respondents, v. GEORGE A. BRENKER, Appellant.

First Department, November 1, 1929.

*Frank M. Patterson* [*Raymond C. Haff* with him on the brief], for the appellant.

*Charles F. Quantrell* of counsel [*Bigham, Englar, Jones & Houston*, attorneys], for the respondents.

PROSKAUER, J. Plaintiffs are creditors of the Peninsular Fire Insurance Company upon claims arising out of policies of marine insurance. The Peninsular Fire Insurance Company had reinsured a part of the risks with the United States Marine Insurance Company of New Jersey. Both insurance companies were financially embarrassed. The Peninsular Company, by arrangement with its creditors, assigned certain of its assets to Henry A. Brink, as trustee, for these creditors. Among the assets so assigned was its claim for reinsurance against the United States Marine Insurance Company. The latter company thereupon executed to Henry A.

Brink, as trustee, a similar assignment of its assets. Brink resigned as trustee under this trust deed and was succeeded by the defendant Brenker. The creditors of the Peninsular Fire Insurance Company bring this action, for an accounting, against Brenker, the substituted trustee. The defendant appeals from an order denying his motion to dismiss the complaint for insufficiency.

The motion shou d have been granted. Brenker was trustee, not for these plaintiffs, but for the creditors of the United States Marine Insurance Company. The plaintiffs were not creditors of this company. The original creditor was the Peninsular Fire Insurance Company and the assignment by that company to Mr. Brink as trustee made him the creditor. It is true that he would in turn have to account to the plaintiffs for what he receives from the defendant, but that obligation rested on him. There was no obligation on this defendant to determine the method of distribution of the fund among the individual plaintiffs. The attempt to secure an accounting without the presence of Mr. Brink, as trustee, in the suit would result in an unsatisfactory and ineffective accounting.

We do not consider what the rights of these plaintiffs may be in the event that demand upon Mr. Brink, as trustee, to institute an action against this defendant should be refused.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.